IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| **FACET TECHNOLOGY CORP.,**<br><br>Plaintiff,<br><br>v.<br><br>**MOBILEYE GLOBAL, INC.,**<br><br>Defendant. | Case No. 2:24-cv-00058-RWS-RSP<br><br>**JURY TRIAL DEMANDED** |

**DEFENDANT MOBILEYE GLOBAL, INC.'S MOTION TO DISMISS
THE COMPLAINT AS LACKING A PLAUSIBLE VENUE ALLEGATION**

**TABLE OF CONTENTS**

I.    Introduction: This is no ordinary venue motion ................................................................. 1

II.   Statement of the Issue ......................................................................................................... 1

III.  Background .......................................................................................................................... 1

IV.   Legal Standards ................................................................................................................... 2

      A.    Venue Requires a Local Residence or Established Presence ................................. 2

      B.    Minimum Pleading Standards Require Sufficient Facts to Render a Claim
            Plausible .................................................................................................................. 3

V.    The Complaint Fails to Meet the Minimum Pleading Requirements as to Venue ............. 3

      A.    Facet Admitted that Mobileye Global Does Not Reside in the Eastern
            District of Texas ...................................................................................................... 4

      B.    The Complaint Is Prima Facie Flawed in Failing to Allege that Mobileye
            Global Has a Regular and Established Place of Business in the Eastern
            District of Texas ...................................................................................................... 4

VI.   Conclusion ........................................................................................................................... 6

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009) ............................................................................................................. 3

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544 (2007) ............................................................................................................. 3

*Hebert Abstract Co. v. Touchstone Properties, Ltd.*,
    914 F.2d 74 (5th Cir. 1990) ................................................................................................. 3

*In re Cray Inc.*,
    871 F.3d 1355 (Fed. Cir. 2017) ........................................................................................ 2, 4

*In re Google LLC*,
    949 F.3d 1338 (Fed. Cir. 2020) ........................................................................................ 4, 5

*TC Heartland LLC v. Kraft Foods Grp. Brands LLC*,
    581 U.S. 258 (2017) .......................................................................................................... 2, 4

*Westech Aerosol Corp. v. 3M Co.*,
    927 F.3d 1378 (Fed. Cir. 2019) ..................................................................................... 3, 4, 5

**Statutes**

28 U.S.C. § 1400 ................................................................................................................... 2, 3, 4

28 U.S.C. § 1406 ......................................................................................................................... 3, 6

**Rules**

Fed. R. Civ. P. 8 ............................................................................................................................ 3

Fed. R. Civ. P. 12 .......................................................................................................................... 3

I. **Introduction: This is no ordinary venue motion**

In most cases, the plaintiff pleads either that the defendant resides in the district or has a regular and established place of business in the district. Here, Facet pled neither. Facet pled that Mobileye Global resides in Delaware. The only company to whom Facet referred to as having a "regular and established place of business" in Texas (but not in this Judicial District) is Intel, a non-party to this action. Facet pleads six alleged facts irrelevant to venue, apparently hoping that those facts will compensate for Mobileye's lack of a regular and established place of business here. Thus, the only issue the Court need determine in connection with this motion is whether a Plaintiff is permitted to ignore the Supreme Court's *TC Heartland* requirement of a regular and established place of business in a Judicial District where a Defendant is sued. This is a purely legal issue requiring no discovery. In other words, the Court can accept as true for purposes of this motion all Facet's pled venue facts, and venue would still be improper as a matter of law. This is not your ordinary venue motion requiring venue discovery.

II. **Statement of the Issue**

Whether dismissal or transfer is promptly warranted when a Plaintiff ignores *TC Heartland*'s requirements, failing to allege that a defendant has a residence or a regular and established place of business in the judicial district of suit.

III. **Background**

Facet accuses Mobileye Global of infringing two patents but fails to plead that Mobileye Global resides in this Judicial District or has a regular and established place of business in this Judicial District. In fact, Facet admits Mobileye Global does not reside in Texas, and is instead a Delaware corporation. Complaint ¶ 2. Moreover, Facet fails to identify any alleged Mobileye Global place of business or other physical location in Texas. Because Mobileye Global has absolutely no physical presence in Texas, Facet could not even plead the necessary venue

requirements on "information and belief." *See* Complaint ¶¶ 11-18. Instead, Facet pled that venue is proper not because of a regular and established place of business in Texas, but solely due to six alleged facts not recognized by law as conveying venue. *See* Complaint ¶¶ 11-18 (alleging that Mobileye Global: is registered to do business in Texas and has infringed in Texas (¶ 12); sells accused product to GM who allegedly infringes, as pled in another suit in this Judicial District (¶ 13); provides data gathered through infringing technology to a Texas company (¶ 14); engaged with VW who tested Mobileye technology in Austin (¶ 15); was spun off from Intel in 2022, and Intel has a facility in Austin and owns significant (publicly traded) shares of Mobileye Global (¶ 16); collaborated with Texas A&M in College Station to test collision avoidance technology (¶ 17); and tests unspecified products and/or services in Texas (¶ 18)). Absent from all these statements is any allegation—even on information and belief—that Mobileye Global has a purported place of business in the Eastern District of Texas, let alone a regular and established one. *E.g.*, Complaint ¶¶ 11-18.

## IV. Legal Standards

### A. Venue Requires a Local Residence or Established Presence

Venue is proper only "in the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business." 28 U.S.C. § 1400(b). A "domestic corporation 'resides' only in its State of incorporation for purposes of the patent venue statute." *TC Heartland LLC v. Kraft Foods Grp. Brands LLC*, 581 U.S. 258, 262 (2017). For a defendant to have a regular and established place of business, "(1) there must be a physical place in the district; (2) it must be a regular and established place of business; and (3) it must be the place of the defendant." *In re Cray Inc.*, 871 F.3d 1355, 1360 (Fed. Cir. 2017). "If any statutory requirement is not satisfied, venue is improper under § 1400(b)." *Id.*

When venue is improper, a court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406; Fed. R. Civ. P. 12(b)(3).

### B. Minimum Pleading Standards Require Sufficient Facts to Render a Claim Plausible

"A complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* at 679 (citing *Twombly*, 550 U.S. at 556). This is why, in differing legal constructs such as Rules 12(b)(6) and 12(c), when a plaintiff fails to include in its complaint facts sufficient to make out a plausible claim, cases are routinely dismissed without discovery. *See, e.g.*, *Hebert Abstract Co. v. Touchstone Properties, Ltd.*, 914 F.2d 74 (5th Cir. 1990) (finding dismissal appropriate "where the material facts are not in dispute and a judgment on the merits can be rendered by looking to the substance of the pleadings and any judicially noticed facts"). Importantly, Rule 8 "does not unlock the doors of discovery for a plaintiff" who fails to plead sufficient factual allegations. *Iqbal*, 556 U.S. at 678-79. In the context of the patent venue statute, simply reciting the language of § 1400(b) is insufficient to survive a motion to dismiss for improper venue. *Westech Aerosol Corp. v. 3M Co.*, 927 F.3d 1378, 1382 (Fed. Cir. 2019). Rather, the plaintiff retains the burden of pleading "specific facts showing the defendant has a regular and established place of business physically located in the judicial district." *Id.*

### V. The Complaint Fails to Meet the Minimum Pleading Requirements as to Venue

After admitting that Mobileye Global does not reside in this Judicial District, Facet was obligated to, at a minimum, allege that Mobileye Global maintains a regular and established place

3

of business in this Judicial District. Facet in good faith could not make such an allegation, even on information and belief.

### A. Facet Admitted that Mobileye Global Does Not Reside in the Eastern District of Texas

As Facet admits in the Complaint, there is no dispute that Mobileye Global's State of Incorporation is Delaware. Complaint ¶ 2. Thus, by Facet's own admission, Mobileye Global cannot reside in any district in Texas. *TC Heartland*, 581 U.S. at 262.

### B. The Complaint Is Prima Facie Flawed in Failing to Allege that Mobileye Global Has a Regular and Established Place of Business in the Eastern District of Texas

When a named defendant resides in a state other than Texas, a complaint makes a prima facie case of venue if, in addition to alleging acts of infringement in Texas, the complaint also alleges with supporting facts that the Defendant has a "regular and established place of business" in Texas. *See In re Cray*, 871 F.3d at 1360; *see also Westech*, 927 F.3d at 1382 ("[Plaintiff], in effect, claims that in lieu of pleading facts, it is sufficient to parrot the language of § 1400(b). This is incorrect."). Facet failed to make even a prima facie allegation of proper venue in Texas. A "physical place" requires "a physical, geographical location in the district from which the business of the defendant is carried out." *In re Cray*, 871 F.3d at 1362. In addition, the physical place "must be a regular and established place of business," meaning it must be "stable, established," *id.* at 1362-63, and there must be "regular, physical presence of an employee or other agent of the defendant conducting the defendant's business at the alleged 'place of business.'" *In re Google LLC*, 949 F.3d 1338, 1345 (Fed. Cir. 2020). Facet failed to allege that Mobileye Global has *any* place of business in this Judicial District, let alone a regular and established place of business.

The words "regular and established place of business" appear in the Complaint only with respect to Intel. Setting aside that Intel is not alleged to have a regular and established place of

4

business in this Judicial District, Intel spun off Mobileye Global in 2022 as a separate publicly traded company. That Intel chose to own significant shares of a public company does not impact venue. What is dispositive is that the Complaint contains no allegations of Mobileye Global having a physical place of business in the Eastern District of Texas. *See* Complaint ¶¶ 13-17. Whether Mobileye Global does business with GM (¶ 13), "provides data" to Envue (¶ 14), collaborates with Volkswagen (¶ 15) or Texas A&M University (¶ 17), or was previously owned by Intel (or whether Intel "still owns" stock), is irrelevant to the venue analysis. "[A] 'regular and established place of business' requires the regular, physical presence of an employee or other agent of the defendant conducting the defendant's business at the alleged 'place of business.'" *In re Google LLC*, 949 F.3d at 1345. *TC Heartland* and its progenies make clear that in the absence of either a residence or a regular and established place of business in a judicial district, venue is improper.

When a party makes a bald allegation of venue, such a statement need not be accepted by a court. *See Westech*, 927 F.3d at 1382 ("Simply stating that [defendant] has a regular and established place of business within the judicial district, without more, amounts to a mere legal conclusion that the court is not bound to accept as true."). In this case, paragraph 11 of the Complaint does not even make a bald allegation of venue. As discussed above, the Complaint simply states that venue is proper based on a series of succeeding paragraphs that fail to meet the threshold standard for venue. (Note how ¶ 11 of the Complaint, solely bases an assertion of venue on irrelevant paragraphs, ¶¶ 12-18. There is no general statement that venue is proper, other than through the legally irrelevant allegations of ¶¶ 12-18.)

In other words, this case differs from most venue cases in that the Plaintiff failed to allege that the Defendant has either a residence or a regular and established place of business in this Judicial District. There is no plausible basis for venue pled. Had Facet made such an allegation

5

giving rise to a factual venue dispute, discovery might have been necessary to resolve that dispute. However, there is no factual dispute about venue in this case, because Facet does not allege any fact in dispute.[1] Even if the Court were to accept all of Facet's venue allegations as true, the law does not permit the case to proceed in Texas, and therefore no discovery is warranted. *See* § **Error! Reference source not found.**, *supra*.

Given the lack of a factual venue dispute, it would be improper to initiate discovery in Texas. If the case is to move forward at all, it should occur in a jurisdiction where Facet is able to make a prima facie allegation of proper venue.

### VI. Conclusion

The Court should exercise its discretion to dismiss the Complaint for improper venue, without the need for discovery, because there is no fact in dispute requiring discovery, and the interest of justice does not necessitate transfer. 28 U.S.C. § 1406(a). If, however, the Court determines it is in the interest of justice to transfer this case, the Court should transfer the case to Delaware, where Mobileye Global is incorporated.

DATED: April 4, 2024

*/s/ Melissa R. Smith*
Melissa R. Smith
Texas State Bar No. 24001351
**GILLAM & SMITH LLP**
303 South Washington Ave.
Marshall, TX 75670
903.934.8450 (Telephone)
903.934.9257 (Facsimile)
melissa@gillamsmithlaw.com

---

[1] This is not to say that Mobileye Global accepts as true any of Facet's related allegations. Mobileye Global does not. However, if the Court were to accept them all as true, there is no relevant fact in dispute because Facet pled neither residence nor a regular and established place of business in Texas for Mobileye Global.

Gerson S. Panitch (*pro hac vice forthcoming*)
**FINNEGAN, HENDERSON, FARABOW, GARRETT & DUNNER, LLP**
901 New York Avenue, N.W.
Washington, D.C. 20001-4413
(202) 408-4000
gerson.panitch@finnegan.com

Benjamin R. Schlesinger (*pro hac vice forthcoming*)
Wyatt Bazrod (*pro hac vice forthcoming*)
**FINNEGAN, HENDERSON, FARABOW, GARRETT & DUNNER, LLP**
271 17th Street, NW, Suite 1400
Atlanta, GA 30363-6209
Tel: (404) 653-6416
benjamin.schlesinger@finnegan.com
wyatt.bazrod@finnegan.com

*Attorneys for Mobileye Global, Inc.*

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a) on April 4, 2024.

*/s/ Melissa R. Smith*
Melissa R. Smith

7