# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| FACET TECHNOLOGY CORP., <br><br> Plaintiff, <br><br> v. <br><br> MOBILEYE GLOBAL, INC., <br><br> Defendant. | Case No. 2:24-cv-00058-RWS-RSP <br><br> JURY TRIAL DEMANDED |

**PLAINTIFF FACET TECHNOLOGY CORP.'S OPPOSED MOTION
FOR LEAVE TO JOIN ADDITIONAL PARTIES**

## **TABLE OF CONTENTS**

| | | | |
|---|---|---|---|
| I. | INTRODUCTION | | 1 |
| II. | PROCEDURAL POSTURE | | 1 |
| III. | ARGUMENT | | 2 |
| | A. | Legal Standard | 2 |
| | B. | Plaintiff Can Explain its Failure to Move to Add Parties Prior to Deadline | 3 |
| | C. | Joining the New Mobileye Defendants is Critically Important | 4 |
| | D. | There is No Prejudice Given the Early Stages of the Case | 4 |
| | E. | No Continuance is Needed | 5 |
| IV. | CONCLUSION | | 5 |

## **TABLE OF AUTHORITIES**

**Cases**                                                                                                     **Pages(s)**

*Mobileye Vision Technologies, Ltd. and Mobileye, Inc. vs. Facet Technology, Corp.*,
    0:24-cv-4149 (D.M.N. 2024) ................................................................................................. 2

*Houston v. Camp Kiowa*,
    2020 WL 13607875 (E.D. Tex. Jan. 10, 2020). ..................................................................... 2

*S & W Enters., L.L.C. v. SouthTrust Bank of Alabama, NA*,
    315 F.3d 533 (5th Cir. 2003). ................................................................................................. 2

*Filgueira v. U.S. Bank Nat. Ass'n*,
    734 F.3d 420 (5th Cir. 2013) .................................................................................................. 3

**Rules**

Fed. R. Civ. P. 15 ........................................................................................................................... 2

Fed. R. Civ. P. 16(b) ...................................................................................................................... 2

## I. INTRODUCTION

Plaintiff Facet Technology Corp. ("Plaintiff" or "Facet") respectfully moves the Court to modify the Docket Control Order (Dkt. No. 25) to permit Plaintiff to add Defendants Mobileye Vision Technologies, Ltd. and Mobileye, Inc. (the "New Mobileye Defendants") to this case. Plaintiff's proposed Amended Complaint, which includes additional allegations as to venue permitted by the Court's Order (Dkt. No. 22), is attached to this Motion as Exhibit A. Good cause exists to add the New Mobileye Defendants because (1) Plaintiff has been diligent given it only learned of the facts giving rise to the direct infringement caused by the New Mobileye Defendants through depositions taken on October 31, 2024 and November 6, 2024; (2) joining the New Mobileye Defendants is important so that the entirety of this dispute is before one tribunal and all issues related to Defendants' infringement can be adjudicated in the Court in which claims against them and their customers are already pending. Indeed, the New Mobileye Defendants have sought to expand and multiply this litigation by filing a declaratory judgment action in the District of Minnesota on November 7, 2024 (shortly after Facet obtained the deposition testimony from Mobileye that forms the basis of this motion); (3) there is no potential prejudice to the New Mobileye Defendants given that the case is in its early stages and the New Mobileye Defendants have demonstrated their familiarity with the issues before this Court by filing a declaratory judgment action against Facet in the District of Minnesota mere days after the relevant deposition testimony was obtained; and (4) there would be no need for a continuance given that the close of claim construction is six months away, and the trial dates more than a year off, and all of the defendants appear to have the same counsel.

## II. PROCEDURAL POSTURE

Plaintiff filed its patent infringement lawsuit against Defendant Mobileye Global Inc., on January 26, 2024 (Dkt. No. 1). Defendant responded by filing a Motion to Dismiss the Complaint

as Lacking a Plausible Venue Allegation on April 4, 2024 (Dkt. No. 9). The Court held a Scheduling Conference on September 5, 2024 during which the Court ordered that Plaintiff would be permitted 60 days to conduct venue discovery and an additional 10 days to amend its complaint to properly allege venue against Mobileye Global, Inc. (Dkt. No. 22). Plaintiff subsequently propounded its venue discovery and took the depositions of Mobileye, Inc.'s regional sales manager, Thomas Leach, and Mobileye's 30(b)(6) representative Nimrod Nehushtan on October 31, 2024 and November 6, 2024, respectively. Ex. B, Declaration of Joshua G. Jones, at ¶ 2. After Mr. Nehushtan's deposition on November 6, counsel for Plaintiff asked counsel for Defendants, Mr. Gerson Panitch, if, in light of Mr. Nehushtan's testimony, Defendant Mobileye Global would oppose adding Mobileye Vision Technologies, Ltd. to the lawsuit. *Id*. at ¶ 3; Ex. C. Without responding to Plaintiff's request for Defendant's position on its proposed motion, on November 7, 2024, Mobileye Vision Technologies, Ltd. and Mobileye Inc. filed a declaratory judgment action against Plaintiff in the District of Minnesota (the "Minnesota Case"). Ex. D. *Mobileye Vision Technologies, Ltd. and Mobileye, Inc. vs. Facet Technology, Corp.*, 0:24-cv-4149 (D.M.N. 2024).

### III. ARGUMENT

#### A. Legal Standard

The Docket Control Order established September 16, 2024 as the deadline to join additional parties. Dkt. No. 25. As a result, the Rule 16(b) requires that the schedule "shall not be modified except upon a showing of good cause and by leave of the district judge." Fed. R. Civ. P. 16(b). This Court has applied Rule 16(b) to join parties after the deadline set in the scheduling order. *Houston v. Camp Kiowa*, 2020 WL 13607875, at *2 (E.D. Tex. Jan. 10, 2020). However, once the movant has established good cause, the Court will apply the more lenient standard of Rule 15 for amending the pleadings. *Id*. quoting *S & W Enters., L.L.C. v. SouthTrust Bank of Alabama,*

*NA*, 315 F.3d 533, 536 (5th Cir. 2003). In determining whether good cause has been shown, the Court considers: "(1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice." *Filgueira v. U.S. Bank Nat. Ass'n*, 734 F.3d 420, 422 (5th Cir. 2013).

### B.  Plaintiff Can Explain its Failure to Move to Add Parties Prior to Deadline

Plaintiff failed to add the New Mobileye Defendants prior to the September 16, 2024 deadline set in the Docket Control Order because it only learned of the facts that establish the New Mobileye Defendants' liability while taking the venue discovery permitted by the Court. These facts include that Mobileye, Inc. sells an aftermarket product in the United States that incorporates the Accused Products in this case, that Mobileye Vision Technologies, Inc. develops the Accused Products and maintains sales and support for the Accused Products in the United States, and that Mobileye Global, Inc. and the New Mobileye Defendants operate as alter egos. Plaintiff learned of these facts during the October 31 deposition of Thomas Leach and the November 6 deposition of Mobileye Global, Inc.'s corporate representative Nimrod Nehushtan. Plaintiff has now moved to add the New Mobileye Defendants only eight days after learning of the above facts.

Furthermore, Plaintiff could not have learned of these facts prior to taking discovery of Mobileye Global, Inc., because, as alleged in Plaintiff's Amended Complaint, Mobileye's public facing documents, such as their webpage, and employee LinkedIn pages do not differentiate between Mobileye Global, Inc., Mobileye Vision Technologies, Ltd., Mobileye, Inc., or any of Mobileye's other various subsidiaries. Mobileye Global, Inc.'s initial disclosures, served on September 27, 2024, provided no indication that there should be any additional parties added. Ex. E. Indeed, Mobileye Global, Inc.'s production that accompanied its initial disclosures included

3

product support manuals for Mobileye 8, Mobileye Shield+, and Mobileye Connect products that Mobileye, Inc.'s former regional sales manager, Thomas Leach, indicated were in fact Mobileye, Inc. products that he sold. Ex. B at ¶ 7; Ex. F at 17:19-18:13; 49:8-18. Therefore, there was no way for Plaintiff to know which of the various Mobileye subsidiaries were responsible for infringement, or that these various entities acted as alter egos until taking discovery.

### C. Joining the New Mobileye Defendants is Critically Important

Joining the New Mobileye Defendants is of extreme importance so that all of the responsible parties to infringement can be sued in one action. Such importance is magnified in this case because Mobileye has improperly filed a new declaratory judgment action in the District of Minnesota on behalf of the New Mobileye Defendants. As indicated above, rather than respond to Plaintiff's request that Mobileye Global indicate whether it opposed Plaintiff's motion to join Mobileye Vision Technologies, Ltd., it filed the Minnesota Case the very next day seeking a declaration of non-infringement and invalidity of the Asserted Patents in this case. Mobileye's behavior demonstrates that it will use its various subsidiaries to shield itself from liability. Furthermore, if the New Mobileye Defendants are not added to this case, there is a risk of a multiplicity of lawsuits involving the same patents and defenses in at least two courts which could lead to incongruous results.

### D. There is No Prejudice Given the Early Stages of the Case

There is no prejudice to Defendants given adding the New Mobileye Defendants do not change the nature of the Asserted Patents or claims in this case and the case is still in its early stages. The Parties have not exchanged discovery except for the aforementioned venue discovery and production accompanying the Parties' initial disclosures. The claim construction hearing in this case is not set until nearly nine months from now, August 12, 2025; fact discovery does not

4

close until September 30, 2025; and trial is not set until February 17, 2026. Dkt. No 25. The Parties Plaintiff seeks to add are subsidiaries of Mobileye Global, Inc., are represented by the same counsel, and, as argued in Plaintiff's Amended Complaint, are mere alter egos of each other.

### E. No Continuance is Needed

Related to the prior factor, trial is fourteen months away and thus there is no need for a continuance in this case. Furthermore, the New Mobileye Defendants have introduced delay and a multiplicity of proceedings by filing the Minnesota Case while Plaintiff was still within the period for amending its Complaint to address Mobileye's Motion to Dismiss for Lack of Venue Allegation and after Plaintiff had asked Mobileye to indicate whether it opposed the present motion.

### IV. CONCLUSION

Given the above, Plaintiff respectfully requests that the Court grant its Motion for Leave to Join the New Mobileye Defendants.

Dated: November 14, 2024                    Respectfully submitted,

                                            */s/ Christopher E. Hanba*
                                            Christopher E. Hanba
                                            Texas Bar No. 24121391
                                            chanba@dickinson-wright.com
                                            Steven R. Daniels
                                            Texas Bar No. 24025318
                                            sdaniels@dickinson-wright.com
                                            Joshua G. Jones
                                            Texas Bar No. 24065517
                                            jjones@dickinson-wright.com

                                            DICKINSON WRIGHT PLLC
                                            607 W. 3rd Street, Suite 2500
                                            Austin, Texas 78701
                                            Telephone: (512) 582-6889
                                            Facsimile: (844) 670-6009

5

        Ariana D. Pellegrino
        MI Bar No. P79104 (*pro hac vice*)
        apellegrino@dickinsonwright.com
        DICKINSON WRIGHT PLLC
        2600 W. Big Beaver Road, Suite 300
        Troy, Michigan 48084
        Telephone:  313-223-3084
        Facsimile: (844) 670-6009

        *Attorneys for Plaintiff Facet Technology Corp.*

## CERTIFICATE OF SERVICE

I certify that on November 14, 2024, PLAINTIFF FACET TECHNOLOGY CORP.'S MOTION FOR LEAVE TO JOIN ADDITIONAL PARTIES was filed via the Court's CM/ECF system which will send notification of such filing to all counsel of record.

*/s/ Christopher E. Hanba*
Christopher E. Hanba

## CERTIFICATE OF CONFERENCE

I certify that on November 12, 2024, Counsel for Plaintiff and Counsel for Defendants met and conferred via zoom conference concerning Plaintiff's MOTION FOR LEAVE TO JOIN ADDITIONAL PARTIES. Christopher Hanba, Joshua Jones, and Amanda Vaughan attended on behalf of Plaintiff while Gerson Panitch and Benjamin Schlesinger attended on behalf of Defendants. The Parties discussed the issues in good faith but are at an impasse given the ongoing venue dispute as to Defendant Mobileye Global, Inc. and disagreement as to the proper venue as to Defendants Mobileye Vision Technologies, Ltd. and Mobileye, Inc. in this Court or the District of Minnesota and so require the Court's intervention.

*/s/ Christopher E. Hanba*
Christopher E. Hanba
